UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO AGUIRRE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-394 |
| | § | |
| TRISTAR RISK MANAGEMENT, | § | |
| | § | |
| Defendant. | § | |

### ORDER

On this day came on to be considered Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the Alternative Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (the "Motion"). (D.E. 2.)

Plaintiff Pedro Aguirre filed this action pro se in County Court at Law No. 1 of Nueces County, Texas on September 16, 2010. Defendant Tristar Risk Management ("Tristar") filed an answer in state court on or about November 5, 2010. Thereafter, on November 10, 2010, Plaintiff filed Amendments to his Original Petition. (D.E. 1.) After receiving the Amended Petition, Defendant removed this action to this Court on December 10, 2010. (D.E. 1.) After doing so, Defendant filed the Motion presently before the Court, seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) or a more definite statement pursuant to Rule 12(e). (D.E. 2.)

Plaintiff filed a Response (D.E. 5), and thereafter filed a document titled "Plaintiffs Cause of Action" on December 27, 2010. (D.E. 8.) In this document, Plaintiff describes in greater detail the facts of his case, and states claims for intentional infliction of emotional distress and for the unlicensed practice of medicine. (D.E. 8.) Although

Plaintiff did not seek leave to file this document, the Court understands it to be an amended complaint. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards then formal pleadings drafted by lawyers.") (citations omitted). Federal Rule of Civil Procedure 15 requires a court to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of Plaintiff's newly amended complaint, Defendant's present Motion is now moot, and is denied as such without prejudice to its reassertion. See e.g., Ranzy v. Extra Cash of Texas, Inc., 2010 WL 936471, at *6 (S.D. Tex. Mar. 11, 2010) (denying as moot defendant's motion to dismiss following plaintiff's amendment of complaint).

For the reasons stated above, Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the Alternative Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) is DENIED AS MOOT (D.E. 2).

SIGNED and ORDERED this 4th day of January, 2011.

_____
Janis Graham Jack
United States District Judge