UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO AGUIRRE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-394 |
| | § | |
| TRISTAR RISK MANAGEMENT, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Defendant's First Amended Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the Alternative Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e) (the "Motion"). (D.E. 11.) For the reasons stated herein, Defendant's Motion is GRANTED IN PART and DENIED IN PART.

**I.      Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $ 75,000.

**II.     Factual and Procedural Background**

Plaintiff Pedro Aguirre filed this action pro se in County Court at Law No. 1 of Nueces County, Texas on September 16, 2010.  Defendant Tristar Risk Management ("Tristar") filed an answer in state court on or about November 5, 2010.  Thereafter, on November 10, 2010, Plaintiff filed Amendments to his Original Petition. (D.E. 1.) Defendant, claiming that the Amended Petition for the first time gave it notice that the amount in controversy exceeded $75,000, removed this action to this Court on December 10, 2010. (D.E. 1.)

Promptly after removal, Defendant filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the Alternative Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure 12(e).  (D.E. 2.)  Plaintiff responded to this motion (D.E. 5), and thereafter filed a document titled "Plaintiffs Cause of Auction [sic]."  (D.E. 8).  The Court interpreted this document to be an amended complaint and therefore denied Defendant's Motion to Dismiss as moot.  (D.E. 9.)  Defendant has now filed the Motion presently before the Court.  (D.E. 11.)

Plaintiff asserts three causes of action, "Common Law Duty of Good Faith and Fair Dealing," "Intentional Infliction of Emotional Distress" and the Unlicensed Practice of Medicine.   With respect to the breach of duty of good faith and fair dealing cause of action, Plaintiff alleges that, on September 11, 2008, he sustained "a calcaneal fracture that was diagnosed by an MRI of the left foot," and on December 10, 2008, his physician determined that he needed a motorized scooter, a walker, and a platform cane.  The physician sent an evaluation to Defendant Tristar for approval.  According to the amended complaint, Tristar's agent first stated that it was looking for the correct model number, but after follow-up calls in January and March 2009, Tristar never responded.  (D.E. 8 at 1.)

With respect to the intentional infliction of emotional distress cause action, Plaintiff claims that on October 30, 2008, he tripped at work and sustained injuries to his head, neck, left shoulder, left foot, and right thumb.  On December 30, 2008, he received from Tristar a "Notice of Disputed Issue(s) and Refusal to Pay Benefits," wherein Tristar stated that Plaintiff's compensable injury was limited to "a Left Shoulder Rotator cuff tear, Left Heel Fracture and Head Contusion.  No other condition Resulted from or was affected by the original accident."  (D.E. 8 at 2.)

Plaintiff next refers to treatment for his injured thumb in January 2009. He states that Tristar did not initially approve payment for an appointment with a hand specialist, and when it finally did, the specialist refused to accept him as a patient because his injuries were over six months old. On September 15, 2009, Plaintiff returned to his primary doctor, who prescribed additional pain medication for Plaintiff's thumb. (D.E. 8 at 2.)

Plaintiff then returns to the treatment of his injured shoulder and neck. Plaintiff states that he visited his orthopedic doctor on December 4, 2008, who recommended surgery for his rotator cuff injury. Surgery was performed on March 6, 2009, and Plaintiff thereafter was prescribed physical therapy. Plaintiff alleges that Tristar authorized the surgery, but only after "an unreasonable length of time." Then, on June 30, 2009, Plaintiff's physician recommended additional physical therapy, which Tristar allegedly denied. (D.E. 8 at 2-3.) A request for a "external Ultrasound bone growth stimulator" was also initially denied by Tristar, but later approved after Plaintiff appealed. (D.E. 8 at 3.)

Plaintiff also states a claim for the unlicensed practice of medicine. He states that Tristar would not approve certain medication that his doctor prescribed, and instead the Tristar agent informed him that Tristar would approve only the medication that the agent authorized (which was at a different dosage and was a different brand). (D.E. 8 at 3.) Plaintiff concludes, "[t]he exercise of decision-making authority over the need for the appropriateness of a medical evaluation or care so as to effect diagnosis is the practice of medicine." (D.E. 8 at 4.)

Plaintiff seeks to have "a judgment entered against the defendant for all wrong doing and Relief to which the Plaintiff may be justly entitle[d]." (D.E. 8 at 4.)

In its Motion, Defendant again seeks dismissal pursuant to Rule 12(b)(6) or a more definite statement pursuant to Rule 12(e). Defendant contends that "the amended complaint . . .

fails to show any right to relief to recovery against Defendant that is plausible or above mere speculation," and does not satisfy the Twombly standard. (D.E. 11 at 2-3; see also D.E. 12.) Plaintiff filed a Response on January 18, 2011. (D.E. 15.)

## III. Discussion

### A. Applicable Law

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); Reliable Consultants, Inc. v. Earle, 517 F.3d 738, 742 (5th Cir. 2008); Guidry v. American Pub. Life Ins. Co., 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (quotation marks, citations, and footnote omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Under Rule 8(a)(2), "[s]pecific facts are not necessary; the statement need only give

the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. (citing Twombley, 550 U.S. at 555); see also Adams v. Patel, 2009 WL 3170918, at *2 (S.D. Tex. Sept. 28, 2009) (discussing pleading standard as applied to pro se litigants).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007). In ruling on such a motion, the court cannot look beyond the pleadings. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. Great Plains Trust Co. v. Morgan Stanley Dean Witter, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. R2 Invs. LDC v. Phillips, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. United States ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 376 (5th Cir. 2004). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. Sosa v. Coleman, 646 F.2d 991, 993 (5th Cir. 1981).

In contrast to a Rule 12(b)(6) Motion, a Rule 12(e) Motion is appropriate where "a pleading fails to specify the allegations in a manner that provides sufficient notice." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Rule 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion

must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "[A] motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." Davenport v. Rodriguez, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001).

### B. Analysis

In this case, Defendant argues that Plaintiff's causes of action are insufficient. First, with respect to the cause of action for breach of the duty of good faith and fair dealing, Defendant argues that "Plaintiff fails to provide any indication as to how any of these alleged events is a breach of duty of good faith and fair dealing and outside the standard rules and regulations for current applicable workers' compensation law even if his allegations were assumed to be true." As such, Plaintiff has failed to set forth the essential elements of a claim upon which relief can be granted. (D.E. 12 at 3.) Second, with respect to Plaintiff's intentional infliction of emotional distress claim, Defendant argues that Plaintiff has failed to allege any fact that Defendant's actions were "intended to cause Plaintiff severe emotional distress or that is actions were reckless," or that they were outrageous in light of Texas Worker's Compensation Rules or Regulations. (D.E. 12 at 3-4.) The allegations also do not amount to "outrageous" conduct as that term has been defined in this context. (D.E. 12 at 4.) Moreover, Defendant argues that intentional infliction of emotional distress is a "gap-filler" tort, applicable only when there is no other recognized theory of redress for Plaintiff. Defendant contends that "the gravamen of [Plaintiff's] claims would be violation of good faith and fair dealing in Defendant['s] administration of Plaintiff's Workers' Compensation claims." (D.E. 12 at 4.) Finally, with respect to the claim for the unauthorized practice of medicine, Defendant again argues that

Plaintiff has failed to plead sufficient facts to support his allegations. (D.E. 12 at 4.) In the alternative, if the Court does not grant Defendant's motion to dismiss, it seeks a more definite statement pursuant to Rule 12(e). (D.E. 12 at 5.) Defendant concludes, "Plaintiff's live pleading does not properly identify or address any cause of action that may be properly brought before this Court. Plaintiff's pleading . . . is vague, ambiguous, and unintelligible. Defendant cannot reasonably prepare a response." (D.E. 12 at 6.)

Plaintiff responds primarily by repeating and further elaborating upon his allegations with respect to intentional infliction of emotional distress, breach of duty and fair dealing, and the unlicensed practice of medicine. He goes into greater detail as to the facts underlying each cause of action, providing relevant dates, particulars, and his legal theory of recovery. (D.E. 15.) The response again reads more like an amended complaint then a response to a Rule 12(b)(6) motion, but nevertheless the Court considers it to be a response and rules upon the substance of the motion.

With respect to Defendant's Rule 12(b)(6) motion, it is apparent that Plaintiff's pro se Amended Petition does not fully comply with the requirements of Twombly. However, as noted above, "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Under Rule 8(a)(2), "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id.

The Court first considers Plaintiff's breach of the duty of good faith and fair dealing in the context of a worker's compensation claim. As one Texas court has explained, "[a] workers' compensation carrier has a duty to deal fairly and in good faith with injured employees. The

duty to treat the claims of injured employees fairly and in good faith arises from the special relationship between the insurer and insured." Wolford v. Am. Home Assur. Co., 263 S.W.3d 12, 16 (Tex. App. – Houston [1 Dist.] 2006) (citations omitted). To bring such a claim, a plaintiff must "show that his compensation carrier (1) delayed or denied payment of benefits; (2) without a reasonable basis for doing so; and (3) knew or should have known that no reasonable basis existed for the delay or denial of benefits." Id. "In assessing reasonableness, a reviewing court must first determine the basis for a carrier's actions and then conduct a qualitative evaluation to determine if the carrier's reliance on this basis was reasonable." Id.

Here, the Court finds that Plaintiff, proceeding pro se, has sufficiently alleged a cause of action for breach of the duty of good faith and fair dealing. While the pleading certainly is not at the same level as that drafted by an attorney, the Supreme Court has explained that, in pro se complaints, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted). Plaintiff's Amended Complaint does so.

The Court next considers Plaintiff's intentional infliction of emotional distress claim. To state a claim for intentional infliction of emotional distress, a plaintiff must prove: "(1) the defendant acted intentionally or recklessly; (2) the conduct was extreme and outrageous; (3) the actions of the defendant caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." GTE Southwest, Inc. v. Bruce, 998 S.W.2d 605, 611 (Tex. 1999). Intentional infliction of emotional distress is a "gap-filler" tort, "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has **no other recognized theory of redress**." Hoffman-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 447 (Tex. 2004)

(emphasis added). "Where the gravamen of a plaintiff's complaint is really another tort, intentional infliction of emotional distress should not be available." Id. Here, Plaintiff's intentional infliction of emotional distress claim cannot succeed, as the gravamen of his claims is violation of the duty of good faith and fair dealing in the administration of worker's compensation claims. Moreover, the Court finds that Plaintiff has not sufficiently alleged any conduct by Defendant that was "extreme and outrageous" as that term has been used in this context. The Court therefore dismisses without prejudice Plaintiff's intentional infliction of emotional distress claim.

Finally, the Court addresses Plaintiff's unauthorized practice of medicine claim. The unauthorized practice of medicine is prohibited by Section 165.153 of the Texas Occupations Code, which provides: "A person commits an offense if the person practices medicine without a license or permit and causes another person: (1) physical or psychological harm; or (2) financial harm." Tex. Occ. Code § 165.153(a). Violation of the statute is felony, subject to criminal penalties. Tex. Occ. Code § 165.153(b), (c); see Green v. State, 137 S.W.3d 356, 359 & n.2 (Tex. App. – Austin 2004); see also Green v. Vu, 2010 WL 3377626, at *1 (5th Cir. Aug. 27, 2010) (stating that Sections 165.152 and 165.153 are "the statutes that criminalize the practice of medicine without a license. . . .").[1] Defendant argued in its original Motion to Dismiss that Plaintiff could not state a private cause of action for violation of this statute (D.E. 2 at 7), but has not included this argument in its Amended Motion. (D.E. 12 at 4.) Nevertheless, the Court has found no cases allowing for a private cause of action to be brought for the unauthorized practice

---

[1] Plaintiff references Section 151.056 of the Texas Occupations Code (D.E. 15 at 3), which relates only to the use of telemedicine, and does not specifically address the unauthorized practice of medicine. Tex. Occ. Code § 151.056. As noted above, the prohibition on the unauthorized practice of medicine is contained within Section 165.153 of the Texas Occupations Code.

of medicine under Section 165.153. This cause of action must therefore be dismissed for failure to state a claim.

In sum, the Court finds that Plaintiff has sufficiently alleged a claim for breach of the duty of good faith and fair dealing, but cannot state a claim for the unauthorized practice of medicine or the intentional infliction of emotional distress. Although it is true that "[g]enerally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend," Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998), here further amendment would be futile. See, e.g., U.S. ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375, 387 (5th Cir. 2003) ("[L]eave to amend properly may be denied when . . . amendment would be futile."). As explained above, Plaintiff is unable to state a claim for intentional infliction of emotional distress or the unauthorized practice of medicine.

Defendant's alternative request for a more definite statement under Rule 12(e) is denied. The Court finds that Plaintiff's breach of duty of good faith and fair dealing claim is not so "vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). As noted above, "a motion for more definite statement is generally disfavored and is used to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail." Davenport, 147 F. Supp. 2d at 639. The pleading here is certainly not "unintelligible," and Rule 12(e) relief is unwarranted.

### IV. Conclusion

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and in the Alternative Motion for a More Definite Statement Pursuant to Federal Rule of Civil Procedure

12(e). (D.E. 11.) The Court DISMISSES WITHOUT PREJUDICE Plaintiff's claim for intentional infliction of emotional distress, DISMISSES WITH PREJUDICE Plaintiff's claim for the unauthorized practice of medicine, and retains Plaintiff's cause of action for breach of the duty of good faith and fair dealing.

SIGNED and ORDERED this 24th day of January, 2011.

                                                        Janis Graham Jack
                                                   United States District Judge