UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEDRO AGUIRRE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-394 |
| | § | |
| TRISTAR RISK MANAGEMENT, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came on to be considered Plaintiff Pedro Aguirre's Motion for Summary Judgment. (D.E. 26.) For the reasons stated herein, Plaintiff's Motion for Summary Judgment is DENIED. (D.E. 26.)

**I.  Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $ 75,000.

**II.  Factual and Procedural Background**

Plaintiff Pedro Aguirre filed this action pro se in County Court at Law No. 1 of Nueces County, Texas on September 16, 2010. Defendant Tristar Risk Management ("Tristar") filed an answer in state court on or about November 5, 2010. Thereafter, on November 10, 2010, Plaintiff filed Amendments to his Original Petition. (D.E. 1.) Defendant, claiming that the Amended Petition for the first time gave it notice that the amount in controversy exceeded $75,000, removed this action to this Court on December 10, 2010. (D.E. 1.)

In essence, Plaintiff alleges that Defendant violated certain duties during the course of its administration of Plaintiff's medical care.  In his complaint, Plaintiff states claims for intentional infliction of emotional distress, the unauthorized practice of medicine, and breach of the duty of good faith and fair dealing.  (D.E. 8.)  On January 24, 2011, the Court granted in part and denied in part Defendant's Motion to Dismiss, dismissing without prejudice Plaintiff's claims for intentional infliction of emotional distress, dismissing with prejudice Plaintiff's claim for the unauthorized practice of medicine, and retaining Plaintiff's cause of action for breach of the duty of good faith and fair dealing.  (D.E. 19 at 11.)

On February 22, 2011, Plaintiff filed a one-page motion for summary judgment, stating that he is entitled to such relief because "Defendants evidence is insufficient [t]o establish solo defense to claim asserts.  Record shows that the claimant has evidence on all essential elements of his claim, and there is no material conflicting evidence that must be weighed and that would justify a trial."  (D.E. 26 at 1.)

### III. Discussion

Federal Rule of Civil Procedure 56(a) provides, "[a] party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Relevant here, Rule 56(c) provides:

> A party asserting that a fact cannot be or is genuinely disputed **must support the assertion by**:

> (A) **citing to particular parts of materials in the record**, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c) (emphasis added). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); see Tran Enterprises, LLC v. DHL Exp. (USA), Inc., 627 F.3d 1004, 1010 (5th Cir. 2010) (citing Celotex Corp.). Here, Plaintiff has made no citations to the record, provided no supporting exhibits, affidavits, or other evidence, nor has he otherwise met his summary judgment burden. Plaintiff's pro se status does not relieve him of the procedures designated in Rule 56. See, e.g., Ogbodiegwu v. Wackenhut Corrections Corp., 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. 1999) ("Although the pleadings filed by pro se parties are held to less stringent standards than formal pleadings drafted by lawyers, pro se parties must still comply with the rules of procedure . . . ."); Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.").

Moreover, the dispositive motions deadline in this action is not until September 15, 2011, and discovery is not set to close until September 30, 2011. (D.E. 16 at 2.)

Summary judgment, while technically allowed at this time, Fed. R. Civ. P. 56(b), is likely premature. This case is still at a relatively early stage, and summary judgment at this point is inappropriate.

**IV.    Conclusion**

For the reasons stated above, Plaintiff's Motion for Summary Judgment is DENIED. (D.E. 26.)

SIGNED and ORDERED this 4th day of March, 2011.

_____
Janis Graham Jack
United States District Judge